UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DON PAUL BADGLEY, JR.,              )
                                    )
                  Plaintiff,        )   No. C13-2000RSL
                                    )
      v.                            )   ORDER REGARDING PLAINTIFF'S
                                    )   SUMMARY JUDGMENT MOTION
F/V REDEMPTION, *et al.*,           )
                                    )
                  Defendants.       )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. # 13. Plaintiff alleges that defendants violated 46 U.S.C. § 10601 when they failed to enter into a written agreement regarding the terms and conditions of plaintiff's employment before the F/V REDEMPTION set sail. In the alternative, plaintiff alleges that if there were an enforceable contract, defendants failed to pay wages as specified therein. Plaintiff seeks judgment as a matter of law on his § 10601 claim based on (a) defendant's admission that "[a]t the time the F/V REDEMPTION left Bellingham, Washington for Southeast Alaska, the parties had not entered into a written fishing agreement stating the period of effectiveness of the agreement, compensation arrangement, and other agreed terms" and (b) plaintiff's declaration regarding the course and timing of the parties' negotiations.

ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In addition, the non-moving party may not avoid summary judgment simply by filing an affidavit that disputes his own prior statements and omissions or contains nothing more than conclusory allegations unsupported by factual data. See Nelson v. City of Davis, 571 F.3d 924, 927-28 (9th Cir. 2009); Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT			-2-

Based on the pleadings as they currently stand in this matter, plaintiff is entitled to judgment as a matter of law.  In their answer, defendants admitted that there was no written employment contract when the F/V REDEMPTION left port, resulting in a violation of § 10601 and entitling plaintiff to the remedies set forth in 46 U.S.C. § 11107 (namely the right to leave the vessel at any time and still recover the highest rate of wages available at the port from which the vessel set sail (in this case 10%)).  The $7,709.04 paid to plaintiff so far is a fraction (approximately 22%) of what he was owed under the statute[1] and violates RCW 49.52.050(2), triggering an award of double damages, attorney's fees, and costs under RCW 49.52.070.

Defendants, however, assert that the admission regarding a lack of employment contract was an error and that defendant Albert Bierra did, in fact, negotiate and sign a crew member contract with plaintiff before the vessel set sail.  Decl. of Albert Bierra (Dkt. # 17) at ¶ 3.  Although Bierra clearly would have personal knowledge of these facts, no details regarding the timing or nature of the discussions are provided, and the documents in the record are not entirely consistent with his version of events.[2]  More troubling, defendants have not taken any steps to amend their answer to correct the alleged misstatement of fact, instead simply asking plaintiff and the Court to ignore the record when ruling on plaintiff's dispositive motion.  Statements contained in the pleadings are judicial admissions, however:  unless amended, these statements conclusively bind the party who made them.  See Sicor Ltd. v. Cetus Corp., 51 F.3d

---

[1] Plaintiff was owed wages of $34,842.64 under 46 U.S.C. § 11107, calculated as ($382,444.68 - $27,201.83) x .1 - $681.65.  Defendants did not dispute plaintiff's calculation of the vessel's gross income ($382,444), acceptable deductions ($27,201), or grocery share ($681.65).  Ignoring the language of the statute, defendants argue only that plaintiff is not entitled to wages for the period after he left the vessel and is bound to a crew share of not more than 5%.  Decl. of Albert Bierria (Dkt. # 17) at ¶ 12.

[2] Bierra maintains that he negotiated two separate contracts with plaintiff Badgley, one while at port (Decl. of Don Paul Badgley, Jr. (Dkt. # 15), Ex. 1) and the other at sea (Decl. of Don Paul Badgley, Jr. (Dkt. # 15), Ex. 2), but that documents were lost and Badgley somehow managed to alter both contracts just before he left the vessel on August 3, 2013.

ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT            -3-

848, 859-60 (9th Cir. 1995). Defendants' failure to request leave to amend their pleading or to otherwise correct this binding admission is inexplicable.

Nevertheless, the Court prefers to resolve matters based on actual facts and will not lightly bind a party to what has been described as attorney error. If, after a reasonable investigation regarding the negotiations and evidence of contract formation that are at issue here, defense counsel can, consistent with his Rule 11 obligations, file an amended answer denying ¶ 13 of the complaint, defendants shall do so within fourteen days of the date of this Order. The motion for summary judgment shall be renoted to the following Friday. If an amended answer is not timely filed, summary judgment will be granted. If the answer is amended to deny the failure to enter into an written contract before the F/V REDEMPTION left Bellingham, Bierra's declaration would give rise to a genuine issue of fact regarding the alleged violation of 46 U.S.C. § 10601, and the motion will be denied.

For all of the foregoing reasons, the Clerk of Court is directed to renote "Plaintiff's Motion for Summary Judgment" (Dkt. # 13) on the Court's calendar for Friday, February 6, 2015.

DATED this 22nd day of January, 2015.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT                -4-